UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO ALLAN MONTANO,

    Plaintiff,

v.

IVY ALICE WIMMER,

    Defendant.

Case No. 20-12937
Honorable Laurie J. Michelson

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND SUMMARILY DISMISSING COMPLAINT**

Mario Allan Montano, a resident of South Carolina, filed this case against his ex-wife, Ivy Alice Wimmer, a resident of Michigan, asserting diversity jurisdiction. (ECF No. 1.) But Montano's complaint must be dismissed, either because the Court lacks jurisdiction over his claims or Montano fails to state a claim upon which relief can be granted.

Montano alleges that his ex-wife and multiple state-court judges engaged in fraud and extortion during the course of his divorce proceedings against Wimmer in Oakland County Probate Court. (*See* ECF No. 1.) Montano claims he suffered $500,000 in financial damages as a result. (*Id.* at PageID.14.) Montano seeks $1.5 million in damages and a judgment that Wimmer violated Michigan law. (*Id.* at PageID.14–15.)

Along with his complaint, Montano filed an application to proceed without prepayment of fees or costs. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment (in forma pauperis). Montano states that he has no income and his limited assets are offset by over $12,000 in debt. (ECF No. 2.) The Court finds that Montano

is thus entitled to proceed in forma pauperis and grants his application to proceed without prepayment of the filing fee and costs. *See* 28 U.S.C. § 1915(a)(1).

But 28 U.S.C. § 1915 also requires that the Court screen each case that is granted in forma pauperis status and sua sponte dismiss the case at any time if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (clarifying that the district court must screen complaints filed by non-prisoners proceeding in forma pauperis and dismiss those that fall under the requirements of § 1915(e)(2) when filed).

As an initial matter, it appears that the Court lacks jurisdiction over some or all of Montano's claims. Although Montano has properly pleaded diversity jurisdiction, there are a number of exceptions to that jurisdiction.

First is the so-called "domestic relations exception." This exception exempts from federal diversity jurisdiction "cases involving the issuance of a divorce, alimony, or child custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).

Second, under the *Rooker-Feldman* doctrine, the lower federal courts lack jurisdiction to review and determine the validity of state-court judgments. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). This Court does not have direct oversight power over Michigan courts. *Adkins v. Adkins*, No. CV 15-13823, 2015 WL 6736187, at *2 (E.D. Mich. Nov. 4, 2015) (citing *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009); *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003)). If Montano wishes to contest any part of his divorce or spousal support proceedings or judgment, he may appeal the issue in the Michigan court system.

So to the extent that Montano seeks to challenge or modify a divorce or alimony decree or judgment from state court, this Court has no jurisdiction over such a claim.

But it is unclear if Montano actually intends to bring some other type of state law claim against Wimmer. At bottom, Montano alleges that Wimmer lied to the court during their divorce proceedings and committed extortion by filing motions for spousal support payments Montano did not actually owe. (*See, e.g.*, *id.* at PageID.8.) Montano also alleges that Wimmer conspired with the Michigan probate court judges to commit fraud in the divorce proceedings. (*See, e.g.*, *id.* at PageID.9.) These claims seem to be inextricably bound up with state-court divorce proceedings.

Arguably, the domestic relations exception could apply to Montano's entire complaint because he "questions the underlying domestic relations issues." *See Mensah v. St. Joseph Cty. Family Indep. Agency*, 187 F.3d 636 (6th Cir. 1999). And the same is true of the *Rooker-Feldman* doctrine, which bars any claim where "the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). But, "if there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). And the Sixth Circuit recently emphasized that the *Rooker-Feldman* doctrine applies in only a narrow set of cases. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020). So because of the ambiguity in Montano's complaint, construing it liberally, Montano may state an independent claim.

Assuming in Montano's favor that these two doctrines do not completely bar his complaint, the Court cannot discern any other valid cause of action that states a claim upon which relief could be granted.

In his request for relief, Montano asks for "a judgment against the Defendant for violations of Michigan law in statutes MCL 600.5813, MCL 600.5809 and MCL 552.151." (ECF No. 1, PageID.15.) But none of these statutes provides a cause of action. Michigan Compiled Law 600.5813 lays out the statute of limitations for "other personal actions." Michigan Compiled Law 600.5809 provides the statute of limitations for "noncontractual money obligations." And Michigan Compiled Law 552.151 allows a state court to punish by fine or imprisonment any neglect or violation of an order in a divorce or maintenance suit.

Montano repeatedly uses the terms "extortion" and "fraud" in his complaint. (*See generally* ECF No. 1.) Although civil extortion can be a cause of action in Michigan, *see Jersevic v. Kuhl*, No. 238808, 2003 WL 1558207, at *1 (Mich. Ct. App. Mar. 25, 2003), the threat of legal action is not extortion, *see, e.g.*, *DIRECTV, Inc. v. Cavanaugh*, 321 F. Supp. 2d 825, 834 (E.D. Mich. 2003) ("Generally, a threat to file a lawsuit, even if made in bad faith, does not constitute extortion."). Montano has also not pleaded a viable fraud claim. Michigan law recognizes both common-law fraud and "silent fraud" tort claims. *See Sun Yu & Julie Yu v. Frank Migliazzo & Gail Migliazzo*, No. 350940, 2020 WL 6236894, at *3 (Mich. Ct. App. Oct. 22, 2020). Common-law fraud requires a material, false representation, but it also requires that the defendant made the representation "with the intention that the plaintiff should act upon it" and that "the plaintiff acted in reliance upon the representation." *Roberts v Saffell*, 760 N.W.2d 715, 719 (Mich. Ct. App. 2008), *aff'd* 766 N.W.2d 288 (Mich. 2009). Montano alleges that Wimmer "verbally made a number of allegations against [Montano] regarding his behavior during their marriage." (ECF No. 1, PageID.5.) But Montano asserts that he knew the allegations were false and does not allege that he took any action in reliance on Wimmer's allegedly false statements. (*Id.*)

4

It may be that Montano also wishes to bring criminal claims against Wimmer since he makes several allegations that she bribed judges and committed perjury in state court proceedings. But individuals have no right to initiate criminal proceedings. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003); *Ssayed v. W. Michigan Univ.*, No. 1:12-CV-797, 2013 WL 3277139, at *3 (W.D. Mich. June 27, 2013) ("[C]riminal statutes generally do not provide a private right of action to private citizens." (citing *People v. Herrick*, 550 N.W.2d 541, 544 (Mich. Ct. App. 1996); *Am. Postal Workers Union, AFL–CIO v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir.1973))).

Finally, the Court also notes that this is the seventh such suit Montano has filed in this Court since September 1, 2020. *See Montano v. Grant et al*, No. 20-12401 (E.D. Mich. Sept. 4, 2020); *Montano v. Wimmer*, 20-12444 (E.D. Mich. Sept. 21, 2020); *Montano v. O'Brien*, 20-12435 (E.D. Mich. Sept. 6, 2020); *Montano v. Gant*, 20-12390 (E.D. Mich. Sept. 6, 2020); *Montano v. Murray*, 20-12757 (E.D. Mich. Oct. 19, 2020); *Montano v. Murray et al*, 20-12863 (E.D. Mich. Oct. 31, 2020). Case No. 20-12444 was also brought against Wimmer and dismissed for failure to state a claim and lack of subject-matter jurisdiction. The other cases all relate to the same divorce proceedings but were brought against various Michigan state-court judges. All of the other cases have been dismissed, voluntarily or involuntarily. The Court warns Montano that if he continues to file these meritless or frivolous lawsuits, the Court may bar him from filing in this Court without advance permission from a judge. *See Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 940 (6th Cir. 2002) ("[I]t is permissible to require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." (quoting *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)).

For the foregoing reasons, Montano's application to proceed without prepayment of the filing fee and costs (ECF No. 2) is GRANTED, and his complaint (ECF No. 1) is DISMISSED without prejudice.

SO ORDERED.

Dated: November 10, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
